COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-447-CR
WILLIE RAY BINDER                                                                        
APPELLANT
V.
THE STATE OF TEXAS                                                                        
STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Willie Ray Binder appeals his conviction for attempted murder. Appellant
contends that, because of inconsistences in the testimony presented at trial and
the total lack of physical evidence to link him to the crime, the evidence is
legally and factually insufficient to support the jury's verdict. We will
affirm.
The evidence reveals that, although appellant was married, he had been seeing
Erytta Dumas and another woman named Tonia. In the spring of 2000, Tonia became
pregnant with his child. By May of 2000, Dumas and appellant's wife were also
pregnant. Several days before the shooting, Dumas had arranged a three-way phone
call with appellant's wife and Tonia to discuss the situation.
At trial, the State presented the tape of the 9-1-1 call Dumas placed at
approximately 6:00 on the morning of the shooting. On the tape, Dumas stated
that her "ex-boyfriend" had shot her in the head about forty-five
minutes to one hour prior to making the call. However, she told the dispatcher
that she had not been unconscious. The dispatcher then asked her to identify her
"boyfriend," and Dumas named appellant. She stated that she had let
him in her residence, but that he was no longer there. The responding officers
testified that all of the doors and windows were locked, and there were no signs
of forced entry. To police, it appeared as though Dumas knew her assailant.
Dumas testified that, on the morning of the shooting, appellant phoned her
around 1:30 a.m. and asked her to come to the door. After letting him in the
residence, she and appellant went into the living room to talk. As she walked
toward the love seat, appellant said, "[W]hy do you have to be so
spiteful?" and then shot her. She testified that just before he shot her,
she heard him sigh and cock a gun. The last thing she remembers is hearing what
sounded like "firecrackers." Dumas sustained two gunshot wounds to the
head, one to the throat, one to the left breast, one to the stomach, and one to
the leg. When she woke up, she was lying on the love seat. Although she told the
9-1-1 operator that she had been shot approximately one hour earlier, Dumas
testified that she really could not say how much time had elapsed between the
time of the shooting and when she placed the phone call.
In his statement to police, appellant admitted going to Dumas's residence on
the morning in question. He stated that he left her house around 2:30 in the
morning and returned home. At approximately 7:00 that morning, he helped his
wife load their son into their vehicle so she could leave for work. Sometime
after 9:00 a.m., appellant stated that he phoned Dumas four times, but received
no answer. He claimed that he did not have a gun and did not shoot a gun on the
morning Dumas was shot.
Applying the appropriate standards of review,(2)
we hold that the evidence is both legally and factually sufficient to support
the jury's verdict.(3) The jury is the sole judge
of the facts, the witnesses' credibility, and the weight to be given to the
evidence.(4) Reconciliation of conflicting
testimony is within the jury's province.(5)
Further, due to the victim's testimony, the lack of physical evidence in this
case does not make the evidence insufficient to support the conviction.
Therefore, we overrule appellant's points and affirm the trial court's judgment.
 
                                                                      
PER CURIAM
 
PANEL F: CAYCE, C.J.; DAY and LIVINGSTON, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[Delivered February 13, 2003]

1. See Tex. R. App. P. 47.4.
2. See Emery v. State, 881 S.W.2d 702, 705 (Tex.
Crim App. 1994), cert. denied, 513 U.S. 1192 (1995); Narvaiz v.
State, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), cert. denied,
507 U.S. 975 (1993) (both providing legal sufficiency standard of review); Santellan
v. State, 939 S.W.2d 155, 165 (Tex. Crim. App. 1997); Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (both providing factual sufficiency
standard of review).
3. See Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim.
App. 2000); Clewis, 922 S.W.2d at 134.
4. Flores v. State, 47 S.W.3d 397, 407 (Tex.
App.--Waco 2001, pet. ref'd).
5. Id.